We have four cases on the calendar this morning. We have two cases from the Patent Trial and Appeal Board, one case from the Court of Appeals for Veterans Claims, and one from the Court of International Trade. The first case is Neology v. Kapsch TrafficCom No. 17-1228. Mr. Schloss, you may proceed. Thank you, Your Honor. Good morning. May it please the Court, the issue in this appeal is whether either of two references, Snodgrass or HRTA, discloses what the 044 and 568 patents refer to as a security key. The PTAB incorrectly concluded that what Snodgrass refers to as an arbitration number and what HRTA refers to as a random number qualify as security keys and that both references therefore anticipate the 568 and 044 patents. Because the board was incorrect, Neology respectfully requests that this Court reverse the findings of invalidity. I would like to start just by asking you a procedural question. There are some non-instituted claims and grounds in this case. Does your client have a position on the SASH-related issues? I anticipated this question, but this is not something we've delved into very deeply. I understand that the Court has requested briefing from parties in other cases on this issue. I think it's our position that we can proceed, that the Court does have jurisdiction and that the fact that non-instituted claims are not part of this particular appeal does not prevent us from going forward. I believe those may qualify as final judgments by the PTAB. The finality was at the institution stage. So I believe that this Court does have jurisdiction and can proceed. And you have no request for remand or anything like that? No, we are not requesting remand. Thank you. So I think what we begin with here is the construction of the claim at issue, the terms at issue. There's really no disagreement as to the construction of the term security key, which is really at the heart of the case. The Board and the parties agree that a security key is a key that is checked and validated to grant or deny access to a TAG's memory. Why don't you tell me why it is that the Board was wrong? Because unless I've misunderstood what's going on here, the arb number on the one hand and the other unlock something, right? They give you access to something. Correct. And I think it was the Board said that something is enough to meet their interpretation of the claim. I think, first of all, the something has to be memory because the way it's construed is the security key gives access to a TAG's memory. Grants or deny access to a TAG's memory. That means access to something that's in a memory. Yes. What's talked about in the claims is an identifier. I thought the Board made a finding that Snodgrass does grant access to something in memory. I'm not sure that's what the Board found. I think what the Board, my understanding of what the Board said is at some point, access to memory happens in Snodgrass after the arbitration number is checked. After you check it, right. This is where I think the Board is wrong. Is that a fact finding that's wrong? Help me out because what we're in this arbor in is we are reviewing a decision by the Board and if it's a fact issue, we're reviewing it for substantial evidence. What the Board is telling and what a reference teaches in the jurisdiction of this Court for a long, long time has been a fact question. What Snodgrass teaches is a fact question. What Snodgrass teaches is a fact question, but to the extent this goes into claim construction, I believe that's a question that this Court reviews de novo. But you have not appealed from the claim construction. We have not appealed from the actual construction that the Board assigned to the terms and the parties actually agreed to. But I think where the error is in the way the Board applied that claim construction. And so, as I said, the problem isn't the access. What would Snodgrass have to do in your judgment to meet the claim limitation? What Snodgrass would have to do is there would have to be language in Snodgrass that says the checking and validating of the arbitration number somehow gets you into the tag's memory. And that's not what Snodgrass does. Snodgrass says by checking and validating the arbitration number, we know which tag we're talking to. I want to talk to this tag. You agree, though, that at some point the memory is accessed. Absolutely. The information from the memory is shared. It is. And that step would not occur if the arbitration number didn't match. That's true. And I think the language that my colleague used in discussion with the Board on this is that checking the arbitration number is a prerequisite to gaining access to the tag's memory. But that is not the same as actually having the number grant you access to the tag memory. The arbitration number in Snodgrass does not act as a password. What it's doing is it's identifying the tag it wants to talk to. At some point in the process, yes, access to the memory will be granted. But it's not through the actual matching of the arbitration number, the tag, and the reader. What is the claim language that you're relying on to require such a tight connection between the arbitration number and the memory access? Well, the claim language is that the security key is used to get, I believe the actual language is based on the security key, that access to memory is based on the security key. So it's your view that it has to be based only on the security key? No, it is not our view that it has to be based only on the security key. Based directly on the security key? Based directly is probably a good word. At some point it has to be based on the security key. There could be other things that go on that give you access to memory. But it doesn't say based directly. It does not. It does not. But it says based on the security key. So at some point the security key has to act on what's in the tag's memory, and that's the based on part. Next. The example we give in the papers is turning on my computer is not going to give me access to secure files on the computer. I have to put in a password. The same thing here. The random number in Snodgrass or the use of any number, it may get me at some point in the process. That has to happen before I get access to memory. But the patent claims talk about a security key, a particular number that is used to grant access to memory. Without that number, memory cannot be accessed. Or putting it in a positive standpoint, the number is what gives you access to the memory. That's not true in Snodgrass. The arbitration number does not give access to memory. Yes, at some point in the process, memory is accessed after the arbitration number is validated. But it's not the validation of that arbitration number that gives access to the memory. Does access to the memory actually mean to get inside the memory or to have the key that opens the door? I'm not sure of the distinction, Your Honor. I mean, I think by access to the memory. We've agreed that Snodgrass has got a number. It's like a key. If you turn it, it's pointing you towards the memory. I don't know that that's not what the number in Snodgrass does. What Snodgrass the number does, it says, this is the tag I want to talk to. It's not a key that opens the memory. Snodgrass is about identifying one out of a number of tags. And once you've identified it. Do we agree that Snodgrass has a security key? I don't know. It may or may not. I don't think it talks about a security key. Doesn't the board decision presume that the number is a security key? The board, I think, concludes that the number is a security key. Do you challenge that? Yes, that's why we're here. That it's a security key. Yes, we challenge that the arbitration number of Snodgrass is a security key. Because it doesn't grant access to the memory in Snodgrass. It's the same in HRTA. HRTA, they have what they call a random number. And the random number in HRTA, there's nothing in HRTA about granting or denying access to memory. All it is is about authorizing a payment transaction. We don't know where that payment transaction occurs, whether it's in the memory or whether it's in something else. Is information in the memory of the RFID tag in HRTA, is that accessed and shared with the key transponder? At some point it may be. HRTA doesn't really talk about memory. We don't know where the contents of the ID and the payment information is in HRTA, actually. So there's very little in HRTA that talks about the random number. It's, I think, mentioned once or twice in passing. It doesn't say what the random number does or where it's stored. And there's nothing about where ID information or payment information is stored. So we don't know if memory is involved at all in HRTA. If we think that the board's findings of anticipation by Snodgrass and obviousness over Slobin and Snodgrass, if we were to affirm, are there any claims remaining that would have been found invalid in view of HRTA alone? I'm sorry, again? So are there any claims that only HRTA applies to? Yeah, are there any claims? The board has numerous different rejections, if you will. And one of them is anticipation by HRTA of quite a number of claims. But are any of those claims not also found invalid in view of Slobin and Snodgrass or just Snodgrass alone? I'm not sure I'm answering the question. HRTA only applies to one of the patents. Oh, okay. It's only asserted against one of the patents. I believe the 044. So whatever you find in HRTA wouldn't apply to the 568 patent. Okay. Thank you. Okay. And I think I'll reserve my three minutes. Thank you. Unless you have further questions. Thank you. Good morning, and may it please the Court. Judge Stoll, to your question regarding HRTA, all the claims that were found invalid under HRTA were also found separately invalid based on Snodgrass and Slobin. And this simply is a narrow appeal of whether substantial evidence supports the Board's decision. As my colleague acknowledged, they do not dispute the claim construction of security key. And they don't really dispute what Snodgrass and HRTA references disclose. Applying the unchallenged construction, the Board correctly determined that Snodgrass arbitration number and HRTA's random number are the claimed security key. And you can find the Board's decision on page 22 of the Board's decision, where the Board explained that the access to or checking and validating the arbitration number is required for the tag to respond with memory contents. Under the plain language of this construction that's unchallenged, that is a security key. Now, what I understand the ology to be arguing here is that the security key or that the arbitration number and the random number in Snodgrass and HRTA don't meet a function of security key. And they also argue about the based on. But function does not matter, as this Court has made clear in Ray Schreiber. In that case, there was a patent to an application to a speedy… What do you mean by function of the security key? If the function of the security key is to grant or deny access to memory, how does that matter? Actually, thank you for correcting me. The function, they're disputing the purpose. So they're disputing that the purpose of the claimed or the arbitration numbers and random number in HRTA must be for providing security, that's argued in the brief, versus just the function, which the Board found the function is providing access to memory. And under the Board's fact-finding, if the arbitration number in Snodgrass is compared with the arbitration number stored in the tag, it grants access to memory. So it meets whatever claimed function is actually there. Regardless of whether it talks about purpose, purpose does not matter. I misspoke when I mentioned function, but purpose. In the Schreiber reference, the claim was directed at a popcorn-dismissing funnel. The Court found anticipation based on an oil can funnel because even though the claim talked about a purpose for use of that structure, the structure was met by the prior part. And regarding based on the… It's a claim construction dispute. The language requires to be based on. It does not require based only on. My colleague didn't agree with based only on. For good reason, they fought us on that construction in other litigation. That's referenced in footnote 5 of our brief. He now says based directly on, but that was never argued to the Board, that there should be a based directly on construction. The Board found that the matching arbitration number and matching random number is required as a necessary condition for memory to be granted. Under any understanding of what based on means, that meets the definition. And to my colleague's example about turning on a computer, that you wouldn't say that the access to memory is based on turning on the computer. You also wouldn't say that your password is no longer a security key because you have to turn on the computer. So you'd still say access to your computer is based on your password, even if there are other conditions that may be required. So I think that analogy just does not work. And at the very least, the claim does not require that there be a direct only condition on what based on means. The Board found that Snodgrass and Hurta disclose the claim security key, disclose that access to memory is based on security key, relying on Neology's own emissions. This can be found at appendix 179 through 181. Neology admitted that the Snodgrass arbitration number checks and validates. At 177, Neology admitted that the matching arbitration number is a prerequisite for memory access to be provided. And Neology's expert also admitted that appendix 858 and 860, that it is necessary for the arbitration number to match in order for the tag to respond with memory contents. And if security were required, it's not. But if security or express purpose of security were required, Neology expert admitted that Snodgrass protocol provides some level of security and that checking and validating the arbitration number before responding is a form of security. You can find those at 856 and 861 in the appendix. Now Hurta, again, is not necessary for this court to affirm the board's decision, but Neology made similar omissions regarding Hurta. Neology's expert admitted at 877 in the appendix. So when these claims were originally prosecuted, Snodgrass wasn't in front of the examiner? Your Honor, I do not believe that Snodgrass was. I don't recall. Let me answer that. I don't recall that it was. I don't believe it was. So just to sum up, at 877 of the appendix, Neology admitted that Hurta sends a transaction response, which is memory contents, and you can find that at the board's decision at appendix 81. The payment ID is from memory. Neology's expert admitted that Hurta will only send that response if the random number sent by the reader matches the random number stored by the tag. That's found in appendix 877. And then, again, if security were required, we submit it's not. If security were required, Neology's expert admitted that Hurta encrypts that random number for purposes of security. That's found in appendix 875. So, Your Honor, we submit that this is just a narrow question of whether substantial evidence supports the board's decision. The board made fact findings. There's not a question about what the prior art discloses. There's not a question about whether the construction is correct. And based on that undisputed construction and undisputed disclosures of prior art, the board reached the correct decision here, and we submit that this court should affirm. Can I just ask you about the SAS issues and the non-instituted claims and grounds? Yes, Your Honor. So I agree with my colleague that SAS is not jurisdictional, and I think that the Benefice Sphere, for instance, talks about the finality of the agency decision. I think it's very clear that this agency's decision was final. And we are not asking for a remand, and I understand my colleague on the other side is not asking for a remand. So we think that issue is waived, and therefore we would ask that the court affirm the board's decision. Thank you. Thank you. You have a little over three minutes. Thank you, Your Honor. Just briefly returning to the SAS issue, I don't believe there's a waiver here. I mean, we are not asking for a remand, but I don't believe there's a waiver because there's a change of law, and I don't think you can waive a change of law. And if it is jurisdictional, you can't waive subject matter jurisdiction. But we are not asking for a remand. Assuming that we had jurisdiction, one or the other of you might have a right under SAS to request relief. I understand. Which you're not asserting. Which we're not doing. And the short of the matter is that if you didn't assert the right, you would be waiving your right to the remedy. Perhaps, yeah. That's what he was referring to. Yeah, at this point in time, that may be true. So just if I may quickly address a couple of points. I think the way to think of whether the security key is actually providing access to memory is to think of it this way. Access to memory under the patents occurs because the security key is checked and validated. Under either Snodgrass or HRDA, the tag's memory is not accessed because the arbitration number or the random number is checked and validated. Under those references, the memory is not accessed because the number is checked and validated. It happens as part of a sequence. But the sequence, the actual granting of access to memory, the taking of contents out of the memory does not happen because that number is checked and validated. Other things happen before the memory is accessed. And then just quickly talking about purpose and function. The way we're using the two, they're the same. We're not talking about a situation like in Schreiber where you have a new use of an old product. Here we're saying that the claims themselves talk about something that has to happen. The function here, there has to be a checking and validating of the key to gain access to memory. That is part of the claim language. That has to be part of what the security key does. And our contention is that neither the arbitration number in Snodgrass nor the random number in HRDA does that function. And therefore they cannot be prior art for purposes of invalidation. Thank you. Thank you. We thank counsel and the case is submitted.